MOEA'I UILIATA, Appellant

v.

ALAI'A FILIFILI, SI'UFANUA AITU, and
TUIA'ANA MOI, Appellees

TUIA'ANA MOI, Appellant

v.

MOEA'I UILIATA, Appellee

High Court of American Samoa
Appellate Division

Before KRUSE, Chief Justice.

Counsel: For Moea`i, Togiola T.A. Tulafono
        For Tuia`ana, Albert Mailo

Order for Payment of Estimated Cost of Transcript:

On December 16, 1988, Moea`i filed his notice of appeal from the judgment of the Land and Titles Division and requested an estimate of the cost of a transcript.

On December 20, 1988, Tuia`ana filed his notice of appeal from the same judgment. The notice stated that Tuia`ana "further requests a transcript and record of the trial."

On December 23, 1988, the court reporter served a notice of the estimated cost of a transcript on counsel for both parties. The estimated cost was $1507.50, or $753.75 per party.

Appellate Court Rule 10(b)(1) provides in pertinent part that

> [w]ithin 10 days after receiving the reporter's or clerk's estimate the

appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary. The order shall be in writing and within the same period a copy shall be filed with the clerk of court and served on the appellee.

Appellate Court Rule 10(b)(4) requires that "[a]t the time of ordering, a party must deposit an amount of cash equal to the estimated cost with the reporter." The rule also requires that the party file with the clerk a copy of the reporter's receipt.

In the course of a routine inquiry into the status of pending appeals, the Court has learned that Moea`i did not deposit the estimated cost with the reporter until January 27, 1989, and that Tuia`ana has not deposited anything to date. Moreover, the court reporters have informed the Court that counsel for Tuia`ana has informed them orally that he now wishes to order only part of the transcript. The court reporter to whom counsel communicated this information says that it came during a chance encounter with counsel later on the same day (January 27) that Moea`i had paid for his half of the transcript.

The revised request for a partial transcript would appear to violate Rule 10 in several respects: it was not made in writing, was not served on the Clerk or opposing counsel, and was made well after the expiration of the ten-day period provided in the Rule.

By countermanding his original order for the entire transcript, counsel for Tuia`ana would increase the amount that Moea`i would have to pay. If such a change had been made in writing within the ten-day period specified in Rule 10 for ordering the transcript, it would not represent an imposition on the opposing party. After the expiration of this period, however, Tuia`ana was bound by his counsel's earlier order for "a transcript and record of the trial." Moea`i therefore ordered the transcript in the expectation that he would be required to pay only half the cost. Since counsel for Tuia`ana failed to countermand his original order until after the expiration of the deadline for deciding what parts

of the transcript would be necessary, Moea`i was entitled to rely on the original order.

Counsel for Tuia`ana is directed to deposit $753.50 with the court reporter no later than 4:00 p.m. on Friday, March 17, 1989.

It is so ordered.